ROB BONTA
Attorney General of California
SARAH E. MORRISON, SBN 143459
Supervising Deputy Attorney General
DONALD ROBINSON, SBN 72402
KATE M. HAMMOND, SBN 293433
Deputy Attorneys General
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6531
Fax: (916) 731-2128
Email: Kate.Hammond@doj.ca.gov

*Attorneys for Plaintiffs*
*Department of Toxic Substances Control*
*and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON U.S.A. INC., et al.,<br><br>Defendants. | Case No. 4:21-cv-07453-DMR<br><br>**SECOND AMENDED COMPLAINT FOR RECOVERY OF RESPONSE COSTS and DECLARATORY RELIEF (42 U.S.C. §§ 9601 et seq.) and ABATEMENT OF IMMINENT AND SUBSTANTIAL ENDANGERMENT (42 U.S.C. § 6972(a))**<br><br>Courtroom: 4 – 3rd Floor<br>Judge: Chief Magistrate Judge Donna M. Ryu<br>Trial Date: None Set<br>Action Filed: September 24, 2021 |

1

Plaintiffs, the California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account (collectively referred to herein as "Plaintiffs") allege as follows:

## STATEMENT OF THE CASE

1.   This is a civil action brought by Plaintiffs against Chevron U.S.A. Inc., Pacific Gas and Electric Company, The Dow Chemical Company, Shell USA, Inc. f/k/a Shell Oil Company, Exxon Mobil Corporation, National Semiconductor (Maine), Inc., International Business Machines Corporation, Aerojet Rocketdyne, Inc., Bayer CropScience, Inc., HP Inc., E. I. du Pont de Nemours and Company n/k/a EIDP, Inc., United States Steel Corporation, Union Oil Company of California, Union Pacific Railroad Company, FMC Corporation, Aramark Uniform & Career Apparel, LLC, Arris Solutions, Inc., AT&T Corp., Atlantic Richfield Company, Beazer East, Inc., Bio-Rad Laboratories, Inc., The Boeing Company, BP Products North America Inc., Bridgestone Americas Tire Operations, LLC, Broadcom Inc., CROWN Beverage Packaging, LLC, Delta Tech Service, Inc., Evoqua Water Technologies LLC, ExxonMobil Oil Corporation, ExxonMobil Pipeline Company LLC, Ford Motor Company, Gallo Glass Company, General Electric Company, Georgia-Pacific LLC, Hexcel Corporation, Honeywell International Inc., Intel Corporation, Levin Enterprises, Inc., Lockheed Martin Corporation, Mobil Exploration and Producing North America Inc., Mobil Producing Texas & New Mexico Inc., New United Motor Manufacturing, Inc., Northrop Grumman Systems Corporation, PAC Operating Limited Partnership, PACCAR Inc, Phillips 66 Company, PPG Industries, Inc., The Proctor & Gamble Manufacturing Company, Raytheon Company, Renesas Electronics America Inc., Sanmina Corporation, TABC, INC., TE Connectivity Corporation, Texaco Downstream Properties Inc., Thermo Fisher Scientific Inc., USS-UPI, LLC, and United Technologies Corporation n/k/a RTX Corporation (each individually referred to herein as a "Defendant" and collectively referred to herein as "Defendants") under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for the recovery of unreimbursed response costs that Plaintiffs have incurred, and interest on such response costs, in connection with releases and threatened releases of hazardous substances at, beneath, above,

and/or from the Vine Hill Complex landfill ("Vine Hill Complex"), a closed hazardous waste treatment and disposal landfill located in Contra Costa County, California.

2. Plaintiffs further make a claim for declaratory relief, under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for the response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future as result of any release or threatened release of a "hazardous substance," as defined in CERCLA section 101(14), 42 U.S.C. § 9601(14), at the Vine Hill Complex.

3. Plaintiffs further make a claim for injunctive relief under section 7002(a)(1)(B) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), seeking an order requiring defendants Chevron U.S.A. Inc., Pacific Gas and Electric Company, The Dow Chemical Company, Shell USA, Inc. f/k/a Shell Oil Company, Exxon Mobil Corporation, National Semiconductor (Maine), Inc., International Business Machines Corporation, Aerojet Rocketdyne, Inc., Bayer CropScience, Inc., HP Inc., E. I. du Pont de Nemours and Company n/k/a EIDP, Inc., United States Steel Corporation, Union Oil Company of California, Union Pacific Railroad Company, and FMC Corporation (collectively, the "RCRA Defendants") to abate the imminent and substantial endangerment created by the "solid waste," as defined by RCRA, that the RCRA Defendants handled and disposed of at the Vine Hill Complex.

4. The Vine Hill Complex operated as a hazardous and solid waste landfill until 1989. Both portions of the Vine Hill Complex (collectively referred to herein as the "Vine Hill Complex"), and the horizontal and vertical extent of contamination caused by the releases and threatened releases of hazardous substances from the Vine Hill Complex, is a "facility," within the meaning of section 101(9), subdivisions (A) and (B), of CERCLA, 42 U.S.C. §§ 9601(9)(A) and (B).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and section 7002(a) of RCRA, 42 U.S.C. § 6972(a).

6.     Venue is proper in this district under 28 U.S.C. § 1391(b), section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and section 7002(a) of RCRA, 42 U.S.C. § 6972(a), because the releases and threatened releases of hazardous substances and the imminent and substantial endangerment that are at issue in the Complaint occurred in this judicial district.

7.     To the extent notice is required with respect to the RCRA claims herein (*see* 42 U.S.C. § 6972(b)), DTSC provided notice of this prospective action to each of the Defendants by registered mail dated September 24, 2021, with copies provided to the United States Environmental Protection Agency's Administrator and its Region 9 Acting Regional Administrator, as well as CalRecycle, the California agency that oversees the state's recycling and waste management programs. *See* Exhibit A (Affidavit of Service) and Exhibit 1 thereto.

**PLAINTIFFS**

8.     DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58009 and 58010. DTSC has the authority to protect California's people and environment from the harmful effects of toxic substances by restoring contaminated resources, enforcing hazardous waste laws, reducing hazardous waste generation, and encouraging the manufacture of chemically safer products. *See, e.g.*, Cal. Health & Safety Code §§ 25100-25259, §§ 25300-25359.45, and §§ 58009-58010. DTSC has authority under state law to determine whether there has been a release and/or threatened release of a hazardous substance and to respond to releases and/or threatened releases of a hazardous substance.

9.     The Toxic Substances Control Account is an account within the State of California General Fund. California Health and Safety Code section 25173.6 establishes the account and the Director of DTSC administers the account. Under California Health and Safety Code section 25361(a), the account shall be a party in any action for the recovery of response costs or expenditures under Chapter 6.8 of Division 20 of the California Health and Safety Code that were incurred by DTSC from the account.

**DEFENDANTS**

10.  Defendant CHEVRON U.S.A. INC. ("CUSA") is a corporation incorporated in Pennsylvania.  DTSC is informed and believes, and based on such information and belief alleges,

1    that CUSA has its principal place of business in San Ramon, California.  DTSC is further

2    informed and believes, and based on such information and belief alleges, that CUSA (including,

3    without limitation, for itself and by and through its division known as Chevron Products

4    Company) arranged for disposal or treatment of hazardous substances, and/or arranged with a

5    transporter for disposal or treatment of hazardous substances, as those terms are described in

6    section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste

7    manifests and/or liquid waste hauler reports identify CUSA and/or entities for which CUSA is

8    liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal

9    or treatment of hazardous substances at the Vine Hill Complex.  As an example, hazardous waste

10   manifests indicate that in 1982 and 1983, CUSA arranged for the disposal of hazardous waste,

11   with constituents including, without limitation, copper, nickel, zinc, and lead at the Vine Hill

12   Complex (Manifest Nos. 8235449, 83129171).

13        11.   Defendant PACIFIC GAS AND ELECTRIC COMPANY ("PGE") is a corporation

14   incorporated in California.  DTSC is informed and believes, and based on such information and

15   belief alleges, that PGE has its principal place of business in Oakland, California.  DTSC is

16   further informed and believes, and based on such information and believe alleges, that PGE

17   arranged for disposal or treatment of hazardous substances, and/or arranged with a transporter for

18   disposal or treatment of hazardous substances, as those terms are described as set forth in section

19   107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests

20   and/or liquid waste hauler reports identify PGE and/or entities for which PGE is liable, as a

21   generator of hazardous waste that arranged or arranged with a transporter for disposal or

22   treatment of hazardous substances at the Vine Hill Complex.  As an example, hazardous waste

23   manifests indicate that in 1985 and 1986, PGE arranged for the disposal of hazardous waste, with

24   constituents including, without limitation, arsenic, vanadium pentoxide, nickel, and sulfur, at the

25   Vine Hill Complex (Manifest Nos. 84444683, 84445119).

26        12.   Defendant THE DOW CHEMICAL COMPANY ("DOW") is a corporation

27   incorporated in Delaware.  DTSC is informed and believes, and based on such information and

28   belief alleges, that DOW has its principal place of business in Midland, Michigan.  DTSC is

5

1    further informed and believes, and based on such information and belief alleges, that DOW

2    arranged for disposal or treatment of hazardous substances, and/or arranged with a transporter for

3    disposal or treatment of hazardous substances, as those terms are described in section 107(a) of

4    CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or

5    liquid waste hauler reports identify DOW and/or entities for which DOW is liable, as a generator

6    of hazardous waste that arranged or arranged with a transporter for disposal or treatment of

7    hazardous substances at the Vine Hill Complex.  As an example, a hazardous waste manifest

8    indicates that in 1982, DOW arranged for the disposal of hazardous waste, with constituents

9    including, without limitation, sodium sulfate, sodium fluoride, and sodium hydroxide at the Vine

10   Hill Complex (Manifest No. 8234015).

11       13.  Defendant SHELL USA, INC. f/k/a SHELL OIL COMPANY ("SHELL") is a

12   corporation incorporated in Delaware.  DTSC is informed and believes, and based on such

13   information and belief alleges, that SHELL has its principal place of business in Houston, Texas.

14   DTSC is further informed and believes, and based on such information and belief, alleges that

15   SHELL arranged for disposal or treatment of hazardous substances, and/or arranged with a

16   transporter for disposal or treatment of hazardous substances, as described in section 107(a) of

17   CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or

18   liquid waste hauler reports identify SHELL and/or entities for which SHELL is liable, as a

19   generator of hazardous waste that arranged or arranged with a transporter for disposal or

20   treatment of hazardous substances at the Vine Hill Complex.  As an example, a hazardous waste

21   manifest indicates that in 1983, SHELL arranged for the disposal of hazardous waste, with

22   constituents including, without limitation, lead at the Vine Hill Complex (Manifest No.

23   83088457).

24       14.  Defendant EXXON MOBIL CORPORATION ("EXXON") is a corporation

25   incorporated in New Jersey.  DTSC is informed and believes, and based on such information and

26   belief alleges, that EXXON has its principal place of business in Irving, Texas.  DTSC is further

27   informed and believes, and based on such information and belief alleges, that EXXON arranged

28   for disposal or treatment of hazardous substances and/or arranged with a transporter for disposal

6

1    or treatment of hazardous substances, as those terms are described in section 107(a) of CERCLA,

2    42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste

3    hauler reports identify EXXON and/or entities for which EXXON is liable, as a generator of

4    hazardous waste that arranged or arranged with a transporter for disposal or treatment of

5    hazardous substances at the Vine Hill Complex.  As an example, hazardous waste manifests

6    indicate that in 1984 and 1987, EXXON arranged for the disposal of drilling muds and sewage

7    sludge that DTSC is informed and believes and based on such information and belief alleges,

8    contained hazardous wastes, and other hazardous wastes, with constituents including, without

9    limitation, hydrocarbon, at the Vine Hill Complex (Manifest Nos. 83577801-804; 84294023).

10       15.  Defendant NATIONAL SEMICONDUCTOR (MAINE), INC. ("NAT'L

11   SEMICONDUCTOR") is a corporation incorporated in Delaware and is the successor-in-interest

12   to Fairchild Camera and Instrument Corp.  DTSC is informed and believes, and based on such

13   information and belief alleges, that NAT'L SEMICONDUCTOR and/or Fairchild Camera and

14   Instrument Corp. arranged for disposal or treatment of hazardous substances and/or arranged with

15   a transporter for disposal or treatment of hazardous substances, as those terms are described in

16   section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste

17   manifests and/or liquid waste hauler reports identify NAT'L SEMICONDUCTOR and/or

18   Fairchild Camera and Instrument Corp. as a generator of hazardous waste that arranged or

19   arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill

20   Complex.  As an example, a hazardous waste manifest indicates that in 1983, Fairchild Camera

21   and Instrument Corp. arranged for the disposal of hazardous waste, with constituents including,

22   without limitation, hydrofluoric acid at the Vine Hill Complex (Manifest No. 8234075).

23       16.  Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM")

24   is a corporation incorporated in New York.  DTSC is informed and believes, and based on such

25   information and belief alleges, that Defendant has its principal place of business in White Plains,

26   New York.  DTSC is further informed and believes, and based on such information and belief

27   alleges, that IBM arranged for disposal or treatment of hazardous substances and/or arranged with

28   a transporter for disposal or treatment of hazardous substances, as those terms are described in

1    section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste

2    manifests and/or liquid waste hauler reports identify IBM and/or entities for which IBM is liable,

3    as a generator of hazardous waste that arranged or arranged with a transporter for disposal or

4    treatment of hazardous substances at the Vine Hill Complex.  As an example, a hazardous waste

5    manifest indicates that in 1986, IBM arranged for the disposal of hazardous waste, with

6    constituents including, without limitation, freon, acetone, xylene, isopropanol, and ethyl amyl

7    ketone at the Vine Hill Complex (Manifest No. 84779798).

8         17.  Defendant AEROJET ROCKETDYNE, INC. ("AEROJET") is a corporation

9    incorporated in Ohio.  DTSC is informed and believes, and based on such information and belief

10   alleges, that AEROJET has its principal place of business in Rancho Cordova, California.  DTSC

11   is further informed and believes, and based on such information and belief alleges, that

12   AEROJET arranged for disposal or treatment of hazardous substances and/or arranged with a

13   transporter for disposal or treatment of hazardous substances, as those terms are described in

14   section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste

15   manifests and/or liquid waste hauler reports identify AEROJET and/or entities for which

16   AEROJET is liable, as a generator of hazardous waste that arranged or arranged with a

17   transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.  As an

18   example, hazardous waste manifests indicate that in 1983, Aerojet Strategic Propulsion Company

19   arranged for the disposal of hazardous waste, with constituents, including, without limitation,

20   methylene chloride, trichloroethylene, 1,1,1 trichloroethane, and chloroform at the Vine Hill

21   Complex (Manifest Nos. 83100414, 83125478).

22        18.  Defendant BAYER CROPSCIENCE, INC. ("BAYER") is a corporation incorporated

23   in New York.  DTSC is informed and believes, and based on such information and belief alleges,

24   that BAYER is a successor to Stauffer Chemical Company.  DTSC is informed and believes, and

25   based on such information and belief alleges, BAYER and/or Stauffer Chemical Company

26   arranged for disposal or treatment of hazardous substances and/or arranged with a transporter for

27   disposal or treatment of hazardous substances, as those terms are described in section 107(a) of

28   CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or

8

liquid waste hauler reports identify BAYER, Stauffer Chemical Company, and/or entities for which BAYER is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.  As an example, hazardous waste manifests indicate that in 1982 and 1983, Stauffer Chemical Company arranged for the disposal of hazardous waste, with constituents, including, without limitation, lead, zinc, Devrinol, sodium chloride, caustic soda, amines, and toluene at the Vine Hill Complex (Manifest Nos. 8201152, 83092049).

19.  Defendant HP INC. ("HP") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that HP has its principal place of business in Palo Alto, California.  DTSC is informed and believes, and based on such information and belief alleges, that HP is the successor-in-interest of Hewlett-Packard Corp. DTSC is informed and believes, and based on such information and belief alleges, that HP and/or Hewlett-Packard Corp. arranged for disposal or treatment of hazardous substances and/or arranged with a transporter for disposal or treatment of hazardous substances, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex. Hazardous waste manifests and/or liquid waste hauler reports identify HP, Hewlett-Packard Corp., and/or entities for which HP is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.  As an example, a hazardous waste manifest indicates that Hewlett-Packard Corp. arranged for the disposal of hazardous waste, with constituents, including, without limitation, arsenic and hydrochloric acid at the Vine Hill Complex (Manifest #84017117).

20.  Defendant E. I. DUPONT DE NEMOURS & COMPANY n/k/a EIDP, INC. ("DUPONT") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that DUPONT has its principal place of business in Wilmington, Delaware.  DTSC is further informed and believes, and based on such information and belief alleges, that DUPONT arranged for disposal or treatment of hazardous substances and/or arranged with a transporter for disposal or treatment of hazardous substances, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill

9

1    Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify DUPONT

2    and/or entities for which DUPONT is liable, as a generator of hazardous waste that arranged or

3    arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill

4    Complex.  As an example, a hazardous waste manifest indicates that in 1983, DUPONT arranged

5    for the disposal of hazardous waste, with constituents, including, without limitation, hydrochloric

6    acid at the Vine Hill Complex (Manifest No. 83038017).

7         21.  Defendant UNITED STATES STEEL CORPORATION ("U.S. STEEL") is a

8    corporation incorporated in Delaware.  DTSC is informed and believes, and based on such

9    information and belief alleges that U.S. STEEL has its principal place of business in Pittsburgh,

10   Pennsylvania.  DTSC is further informed and believes, and based on such information and belief

11   alleges, that U.S. STEEL arranged for disposal or treatment of hazardous substances and/or

12   arranged with a transporter for disposal or treatment of hazardous substances, as those terms are

13   described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

14   Hazardous waste manifests and/or liquid waste hauler reports identify U.S. STEEL and/or entities

15   for U.S. STEEL is liable, as a generator of hazardous waste that arranged or arranged with a

16   transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.  As an

17   example, a hazardous waste manifest indicates that in 1982, U.S. STEEL arranged for the

18   disposal of hazardous waste, with constituents, including, without limitation, sodium hydroxide at

19   the Vine Hill Complex (Manifest No. 8234513).

20        22.  Defendant UNION OIL COMPANY OF CALIFORNIA ("UNION OIL") is a

21   corporation incorporated in California, with its principal place of business in San Ramon,

22   California.  DTSC is informed and believes, and based on such information and belief alleges,

23   that UNION OIL arranged for disposal or treatment of hazardous substances and/or arranged with

24   a transporter for disposal or treatment of hazardous substances, as those terms are described in

25   section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste

26   manifests and/or liquid waste hauler reports identify UNION OIL and/or entities for which

27   UNION OIL is liable, as a generator of hazardous waste that arranged or arranged with a

28   transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.  As an

10

example, a hazardous waste manifest indicates that in 1983, UNION OIL arranged for the disposal of hazardous waste, with constituents, including, without limitation, lead, chromium, and vanadium at the Vine Hill Complex (Manifest No. 8251015).

23.  Defendant UNION PACIFIC RAILROAD COMPANY ("UNION PACIFIC") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that UNION PACIFIC has its principal place of business in Omaha, Nebraska.  DTSC is informed and believes, and based on such information and belief alleges, that UNION PACIFIC is the successor-in-interest to Southern Pacific Transportation Company.  DTSC is informed and believes, and based on such information and belief alleges, that UNION PACIFIC and/or Southern Pacific Transportation Company arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex. Hazardous waste manifests and/or liquid waste hauler reports identify UNION PACIFIC, Southern Pacific Transportation Company, and/or entities for which UNION PACIFIC is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.  As an example, a hazardous waste manifest indicates that in 1983, Southern Pacific Transportation Company arranged for the disposal of hazardous waste, with constituents, including, without limitation, sodium hydroxide, sodium phosphate, and sodium silicate at the Vine Hill Complex (Manifest No. 83196143)

24.  Defendant FMC CORPORATION ("FMC") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that FMC has its principal place of business in Philadelphia, Pennsylvania.  DTSC is further informed and believes, and based on such information and belief alleges, that FMC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify FMC and/or entities for which FMC is liable, as a generator of hazardous waste that arranged or arranged with

11

a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.  As an example, hazardous waste manifests indicates that in 1986, FMC arranged for the disposal of hazardous substances, including, without limitation, cadmium and chromium, at the Vine Hill Complex (Manifest Nos. 84709948, 84709966).

25.  Defendant ARAMARK UNIFORM & CAREER APPAREL, LLC ("ARAMARK") is a limited liability company organized in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that ARAMARK has its principal place of business in Burbank, California.  DTSC is further informed and believes, and based on such information and belief alleges, that ARAMARK arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify ARAMARK and/or entities for which ARAMARK is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

26.  Defendant ARRIS SOLUTIONS, INC. ("ARRIS") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that ARRIS has its principal place of business in Suwanee, Georgia.  DTSC is further informed and believes, and based on such information and belief alleges, that ARRIS arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify ARRIS and/or entities for which ARRIS is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex

27.  Defendant AT&T CORP. ("AT&T") is a corporation incorporated in New York.  DTSC is informed and believes, and based on such information and belief alleges, that AT&T has its principal place of business in Bedminster, New Jersey.  DTSC is further informed and believes, and based on such information and belief alleges, that AT&T arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as

12

those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify AT&T and/or entities for which AT&T is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

28.  Defendant ATLANTIC RICHFIELD COMPANY ("ATLANTIC") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that ATLANTIC has its principal place of business in Houston, Texas.  DTSC is further informed and believes, and based on such information and belief alleges, that ATLANTIC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify ATLANTIC and/or entities for which ATLANTIC is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

29.  Defendant BEAZER EAST, INC. ("BEAZER") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that BEAZER has its principal place of business in Irving, Texas.  DTSC is further informed and believes, and based on such information and belief alleges, that BEAZER arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify BEAZER and/or entities for which BEAZER is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

30.  Defendant BIO-RAD LABORATORIES, INC. ("BIO-RAD") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that BIO-RAD has its principal place of business in Hercules, California.  DTSC is further informed and believes, and based on such information and belief alleges, that BIO-RAD arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of

13

hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify BIO-RAD and/or entities for which BIO-RAD is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

31.  Defendant THE BOEING COMPANY ("BOEING") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that BOEING has its principal place of business in Arlington, Virginia.  DTSC is further informed and believes, and based on such information and belief alleges, that BOEING arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify BOEING and/or entities for which BOEING is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

32.  Defendant BP PRODUCTS NORTH AMERICA INC. ("BP") is a corporation incorporated in Maryland.  DTSC is informed and believes, and based on such information and belief alleges, that BP has its principal place of business in Chicago, Illinois.  DTSC is further informed and believes, and based on such information and belief alleges, that BP arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify BP and/or entities for which BP is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

33.  Defendant BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC ("BRIDGESTONE") is a limited liability company organized in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that BRIDGESTONE has its principal place of business in Nashville, Tennessee.  DTSC is further informed and believes, and based on such information and belief alleges, that BRIDGESTONE arranged for disposal or

treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify BRIDGESTONE and/or entities for which BRIDGESTONE is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

34.  Defendant BROADCOM INC. ("BROADCOM") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that BROADCOM has its principal place of business in San Jose, California.  DTSC is further informed and believes, and based on such information and belief alleges, that BROADCOM arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify BROADCOM and/or entities for which BROADCOM is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

35.  Defendant CROWN BEVERAGE PACKAGING, LLC ("CROWN") is a limited liability company organized in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that CROWN has its principal place of business in Tampa, Florida.  DTSC is further informed and believes, and based on such information and belief alleges, that CROWN arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify CROWN and/or entities for which CROWN is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

36.  Defendant DELTA TECH SERVICE, INC. ("DELTA TECH") is a corporation incorporated in California.  DTSC is informed and believes, and based on such information and

belief alleges, that DELTA TECH has its principal place of business in Benicia, California.
DTSC is further informed and believes, and based on such information and belief alleges, that
DELTA TECH arranged for disposal or treatment and/or arranged with a transporter for disposal
or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA,
42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste
hauler reports identify DELTA TECH and/or entities for which DELTA TECH is liable, as a
generator of hazardous waste that arranged or arranged with a transporter for disposal or
treatment of hazardous substances at the Vine Hill Complex.

37.  Defendant EVOQUA WATER TECHNOLOGIES LLC ("EVOQUA") is a limited
liability company organized in Delaware.  DTSC is informed and believes, and based on such
information and belief alleges, that EVOQUA has its principal place of business in Pittsburgh,
Pennsylvania.  DTSC is further informed and believes, and based on such information and belief
alleges, that EVOQUA arranged for disposal or treatment and/or arranged with a transporter for
disposal or treatment of hazardous substances as those terms are described in section 107(a) of
CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or
liquid waste hauler reports identify EVOQUA and/or entities for which EVOQUA is liable, as a
generator of hazardous waste that arranged or arranged with a transporter for disposal or
treatment of hazardous substances at the Vine Hill Complex.

38.  Defendant EXXONMOBIL OIL CORPORATION ("EXXONMOBIL OIL") is a
corporation incorporated in New York.  DTSC is informed and believes, and based on such
information and belief alleges, that EXXONMOBIL OIL has its principal place of business in
Spring, Texas.  DTSC is further informed and believes, and based on such information and belief
alleges, that EXXONMOBIL OIL arranged for disposal or treatment of hazardous substances
and/or arranged with a transporter for disposal or treatment of hazardous substances, as those
terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill
Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify
EXXONMOBIL OIL and/or entities for which EXXONMOBIL OIL is liable, as a generator of

hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

39.   Defendant EXXONMOBIL PIPELINE COMPANY LLC ("EXXONMOBIL PIPELINE") is a limited liability company organized in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that EXXONMOBIL PIPELINE has its principal place of business in Spring, Texas.  DTSC is further informed and believes, and based on such information and belief alleges, that EXXONMOBIL PIPELINE arranged for disposal or treatment of hazardous substances and/or arranged with a transporter for disposal or treatment of hazardous substances, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify EXXONMOBIL PIPELINE and/or entities for which EXXONMOBIL PIPELINE is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

40.   Defendant FORD MOTOR COMPANY ("FORD") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that FORD has its principal place of business in Dearborn, Michigan.  DTSC is further informed and believes, and based on such information and belief alleges, that FORD arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify FORD and/or entities for which FORD is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

41.   Defendant GALLO GLASS COMPANY ("GALLO") is a corporation incorporated in Nevada.  DTSC is informed and believes, and based on such information and belief alleges, that GALLO has its principal place of business in Modesto, California.  DTSC is further informed and believes, and based on such information and belief alleges, that GALLO arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill

17

Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify GALLO and/or entities for which GALLO is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

42.  Defendant GENERAL ELECTRIC COMPANY ("GENERAL ELECTRIC") is a corporation incorporated in New York.  DTSC is informed and believes, and based on such information and belief alleges, that GENERAL ELECTRIC has its principal place of business in Boston, Massachusetts.  DTSC is further informed and believes, and based on such information and belief alleges, that GENERAL ELECTRIC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify GENERAL ELECTRIC and/or entities for which GENERAL ELECTRIC is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

43.  Defendant GEORGIA-PACIFIC LLC ("GEORGIA-PACIFIC") is a limited liability company organized in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that GEORGIA-PACIFIC has its principal place of business in Atlanta, Georgia.  DTSC is further informed and believes, and based on such information and belief alleges, that GEORGIA-PACIFIC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify GEORGIA-PACIFIC and/or entities for which GEORGIA-PACIFIC is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

44.  Defendant HEXCEL CORPORATION ("HEXCEL") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that HEXCEL has its principal place of business in Stamford, Connecticut.  DTSC is further informed and believes, and based on such information and belief alleges, that HEXCEL arranged for

1   disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous

2   substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the

3   Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify

4   HEXCEL and/or entities for which HEXCEL is liable, as a generator of hazardous waste that

5   arranged or arranged with a transporter for disposal or treatment of hazardous substances at the

6   Vine Hill Complex.

7        45.  Defendant HONEYWELL INTERNATIONAL INC. ("HONEYWELL") is a

8   corporation incorporated in Delaware.  DTSC is informed and believes, and based on such

9   information and belief alleges, that HONEYWELL has its principal place of business in

10  Charlotte, North Carolina.  DTSC is further informed and believes, and based on such

11  information and belief alleges, that HONEYWELL arranged for disposal or treatment and/or

12  arranged with a transporter for disposal or treatment of hazardous substances as those terms are

13  described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

14  Hazardous waste manifests and/or liquid waste hauler reports identify HONEYWELL and/or

15  entities for which HONEYWELL is liable, as a generator of hazardous waste that arranged or

16  arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill

17  Complex.

18       46.  Defendant INTEL CORPORATION ("INTEL") is a corporation incorporated in

19  Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that

20  INTEL has its principal place of business in Santa Clara, California.  DTSC is further informed

21  and believes, and based on such information and belief alleges, that INTEL arranged for disposal

22  or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances

23  as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill

24  Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify INTEL and/or

25  entities for which INTEL is liable, as a generator of hazardous waste that arranged or arranged

26  with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

27       47.  Defendant LEVIN ENTERPRISES, INC. ("LEVIN") is a corporation incorporated in

28  California.  DTSC is informed and believes, and based on such information and belief alleges,

that LEVIN has its principal place of business in Richmond, California.  DTSC is further informed and believes, and based on such information and belief alleges, that LEVIN arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify LEVIN and/or entities for which LEVIN is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

48.  Defendant LOCKHEED MARTIN CORPORATION ("LOCKHEED") is a corporation incorporated in Maryland.  DTSC is informed and believes, and based on such information and belief alleges, that LOCKHEED has its principal place of business in Bethesda, Maryland.  DTSC is further informed and believes, and based on such information and belief alleges, that LOCKHEED arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify LOCKHEED and/or entities for which LOCKHEED is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

49.  Defendant MOBIL EXPLORATION AND PRODUCING NORTH AMERICA INC. ("MOBIL EXPLORATION") is a corporation incorporated in Nevada.  DTSC is informed and believes, and based on such information and belief alleges, that MOBIL EXPLORATION has its principal place of business in Spring, Texas.  DTSC is further informed and believes, and based on such information and belief alleges, that MOBIL EXPLORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify MOBIL EXPLORATION and/or entities for which MOBIL EXPLORATION is liable, as a generator of

1    hazardous waste that arranged or arranged with a transporter for disposal or treatment of

2    hazardous substances at the Vine Hill Complex.

3        50.  Defendant MOBIL PRODUCING TEXAS & NEW MEXICO INC. ("MOBIL

4    PRODUCING") is a corporation incorporated in Delaware.  DTSC is informed and believes, and

5    based on such information and belief alleges, that MOBIL PRODUCING has its principal place

6    of business in Spring, Texas.  DTSC is further informed and believes, and based on such

7    information and belief alleges, that MOBIL PRODUCING arranged for disposal or treatment

8    and/or arranged with a transporter for disposal or treatment of hazardous substances as those

9    terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill

10   Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify MOBIL

11   PRODUCING and/or entities for which MOBIL PRODUCING is liable, as a generator of

12   hazardous waste that arranged or arranged with a transporter for disposal or treatment of

13   hazardous substances at the Vine Hill Complex.

14       51.  Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI") is a

15   corporation incorporated in California.  DTSC is informed and believes, and based on such

16   information and belief alleges, that NUMMI has its principal place of business in Fremont,

17   California.  DTSC is further informed and believes, and based on such information and belief

18   alleges, that NUMMI arranged for disposal or treatment and/or arranged with a transporter for

19   disposal or treatment of hazardous substances as those terms are described in section 107(a) of

20   CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or

21   liquid waste hauler reports identify NUMMI and/or entities for which NUMMI is liable, as a

22   generator of hazardous waste that arranged or arranged with a transporter for disposal or

23   treatment of hazardous substances at the Vine Hill Complex.

24       52.  Defendant NORTHROP GRUMMAN SYSTEMS CORPORATION

25   ("NORTHROP") is a corporation incorporated in Delaware.  DTSC is informed and believes, and

26   based on such information and belief alleges, that NORTHROP has its principal place of business

27   in Falls Church, Virginia.  DTSC is further informed and believes, and based on such information

28   and belief alleges, that NORTHROP arranged for disposal or treatment and/or arranged with a

1 transporter for disposal or treatment of hazardous substances as those terms are described in

2 section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste

3 manifests and/or liquid waste hauler reports identify NORTHROP and/or entities for which

4 NORTHROP is liable, as a generator of hazardous waste that arranged or arranged with a

5 transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

6   53.  Defendant PAC OPERATING LIMITED PARTNERSHIP ("PAC") is a limited

7 partnership organized in Delaware.  DTSC is informed and believes, and based on such

8 information and belief alleges, that PAC has its principal place of business in Denver, Colorado.

9 DTSC is further informed and believes, and based on such information and belief alleges, that

10 PAC arranged for disposal or treatment and/or arranged with a transporter for disposal or

11 treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42

12 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste

13 hauler reports identify PAC and/or entities for which PAC is liable, as a generator of hazardous

14 waste that arranged or arranged with a transporter for disposal or treatment of hazardous

15 substances at the Vine Hill Complex.

16   54.  Defendant PACCAR INC ("PACCAR") is a corporation incorporated in Delaware.

17 DTSC is informed and believes, and based on such information and belief alleges, that PACCAR

18 has its principal place of business in Bellevue, Washington.  DTSC is further informed and

19 believes, and based on such information and belief alleges, that PACCAR arranged for disposal

20 or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances

21 as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill

22 Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify PACCAR

23 and/or entities for which PACCAR is liable, as a generator of hazardous waste that arranged or

24 arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill

25 Complex.

26   55.  Defendant PHILLIPS 66 COMPANY ("PHILLIPS 66") is a corporation incorporated

27 in Delaware.  DTSC is informed and believes, and based on such information and belief alleges,

28 that PHILLIPS 66 has its principal place of business in Houston, Texas.  DTSC is further

informed and believes, and based on such information and belief alleges, that PHILLIPS 66 arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify PHILLIPS 66 and/or entities for which PHILLIPS 66 is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

56.  Defendant PPG INDUSTRIES, INC. ("PPG") is a corporation incorporated in Pennsylvania.  DTSC is informed and believes, and based on such information and belief alleges, that PPG has its principal place of business in Pittsburgh, Pennsylvania.  DTSC is further informed and believes, and based on such information and belief alleges, that PPG arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify PPG and/or entities for which PPG is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

57.  Defendant THE PROCTOR & GAMBLE MANUFACTURING COMPANY ("PROCTOR & GAMBLE") is a corporation incorporated in Ohio.  DTSC is informed and believes, and based on such information and belief alleges, that PROCTOR & GAMBLE has its principal place of business in Cincinnati, Ohio.  DTSC is further informed and believes, and based on such information and belief alleges, that PROCTOR & GAMBLE arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify PROCTOR & GAMBLE and/or entities for which PROCTOR & GAMBLE is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

1    58.  Defendant RAYTHEON COMPANY is a corporation incorporated in Delaware.

2    DTSC is informed and believes, and based on such information and belief alleges, that

3    RAYTHEON COMPANY has its principal place of business in Farmington, Connecticut.  DTSC

4    is further informed and believes, and based on such information and belief alleges, that

5    RAYTHEON COMPANY arranged for disposal or treatment and/or arranged with a transporter

6    for disposal or treatment of hazardous substances as those terms are described in section 107(a) of

7    CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or

8    liquid waste hauler reports identify RAYTHEON COMPANY and/or entities for which

9    RAYTHEON COMPANY is liable, as a generator of hazardous waste that arranged or arranged

10   with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

11   59.  Defendant RENESAS ELECTRONICS AMERICA INC. ("RENESAS") is a

12   corporation incorporated in California.  DTSC is informed and believes, and based on such

13   information and belief alleges, that RENESAS has its principal place of business in San Jose,

14   California.  DTSC is further informed and believes, and based on such information and belief

15   alleges, that RENESAS arranged for disposal or treatment and/or arranged with a transporter for

16   disposal or treatment of hazardous substances as those terms are described in section 107(a) of

17   CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or

18   liquid waste hauler reports identify RENESAS and/or entities for which RENESAS is liable, as a

19   generator of hazardous waste that arranged or arranged with a transporter for disposal or

20   treatment of hazardous substances at the Vine Hill Complex.

21   60.  Defendant SANMINA CORPORATION ("SANMINA") is a corporation

22   incorporated in Delaware.  DTSC is informed and believes, and based on such information and

23   belief alleges, that SANMINA has its principal place of business in San Jose, California.  DTSC

24   is further informed and believes, and based on such information and belief alleges, that

25   SANMINA arranged for disposal or treatment and/or arranged with a transporter for disposal or

26   treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42

27   U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste

28   hauler reports identify SANMINA and/or entities for which SANMINA is liable, as a generator of

24

hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

61.   Defendant TABC, INC. ("TABC") is a corporation incorporated in California.  DTSC is informed and believes, and based on such information and belief alleges, that TABC has its principal place of business in Long Beach, California.  DTSC is further informed and believes, and based on such information and belief alleges, that TABC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify TABC and/or entities for which TABC is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

62.   Defendant TE CONNECTIVITY CORPORATION ("TE") is a corporation incorporated in Pennsylvania.  DTSC is informed and believes, and based on such information and belief alleges, that TE has its principal place of business in Berwyn, Pennsylvania.  DTSC is further informed and believes, and based on such information and belief alleges, that TE arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify TE and/or entities for which TE is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

63.   Defendant TEXACO DOWNSTREAM PROPERTIES INC. ("TDPI") is a corporation incorporated in Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that TDPI has its principal place of business in San Ramon, California.  DTSC is further informed and believes, and based on such information and belief alleges, that TDPI arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify TDPI and/or entities for which TDPI is liable, as a generator

25

1  of hazardous waste that arranged or arranged with a transporter for disposal or treatment of

2  hazardous substances at the Vine Hill Complex.

3       64.  Defendant THERMO FISHER SCIENTIFIC INC. ("THERMO FISHER") is a

4  corporation incorporated in Delaware.  DTSC is informed and believes, and based on such

5  information and belief alleges, that THERMO FISHER has its principal place of business in

6  Waltham, Massachusetts.  DTSC is further informed and believes, and based on such information

7  and belief alleges, that THERMO FISHER arranged for disposal or treatment and/or arranged

8  with a transporter for disposal or treatment of hazardous substances as those terms are described

9  in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste

10  manifests and/or liquid waste hauler reports identify THERMO FISHER and/or entities for which

11  THERMO FISHER is liable, as a generator of hazardous waste that arranged or arranged with a

12  transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

13       65.  Defendant USS-UPI, LLC ("USS-UPI") is a limited liability company organized in

14  Delaware.  DTSC is informed and believes, and based on such information and belief alleges, that

15  USS-UPI has its principal place of business in Pittsburg, California.  DTSC is further informed

16  and believes, and based on such information and belief alleges, that USS-UPI arranged for

17  disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous

18  substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the

19  Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify USS-

20  UPI and/or entities for which USS-UPI is liable, as a generator of hazardous waste that arranged

21  or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill

22  Complex.

23       66.  Defendant UNITED TECHNOLOGIES CORPORATION n/k/a RTX

24  CORPORATION ("RTX") is a corporation incorporated in Delaware.  DTSC is informed and

25  believes, and based on such information and belief alleges, that RTX has its principal place of

26  business in Farmington, Connecticut.  DTSC is further informed and believes, and based on such

27  information and belief alleges, that RTX arranged for disposal or treatment and/or arranged with a

28  transporter for disposal or treatment of hazardous substances as those terms are described in

26

section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.  Hazardous waste manifests and/or liquid waste hauler reports identify RTX and/or entities for which RTX is liable, as a generator of hazardous waste that arranged or arranged with a transporter for disposal or treatment of hazardous substances at the Vine Hill Complex.

67.  DTSC is informed and believes, and based on such information and belief alleges, that each of these Defendants knowingly arranged for the disposal of its hazardous substances in California.

## **GENERAL ALLEGATIONS**

**The Vine Hill Complex**

68.  The Vine Hill Complex is a closed hazardous and solid waste landfill located at 896 Waterbird Way, Martinez, Contra Costa County, California. The Vine Hill Complex is composed of two properties: the Vine Hill property and the Baker property. Pacheco Creek flows through the properties.

69.  The Vine Hill portion of the Vine Hill Complex property occupies approximately 41 acres and is identified by Contra Costa County Assessor's Parcel numbers 380-020-016 (38.9 acres) and 380-020-002 (1.8 acres).

70.  The Baker portion of the Vine Hill Complex property currently occupies approximately 30 acres and consists of one parcel, Contra Costa County Assessor's Parcel number 159-250-014 (30.343 acres).  The Baker property is located across Pacheco Creek from the Vine Hill portion, between Pacheco Creek and Walnut Creek.

71.  The Vine Hill Complex lies in a deltaic, anaerobic marshy environment consisting primarily of bay mud and marshy, peat environments. Pacheco Creek flows through the Vine Hill Complex and then into Suisun Bay. Land uses surrounding the Vine Hill Complex consist of various residential, commercial, industrial, and open space land uses.

72.  Hazardous waste was managed and disposed of at the Vine Hill Complex from at least the 1940's to no later than 1989.  Beginning in the 1940's, the Vine Hill portion of the Vine Hill Complex property was used as a municipal refuse landfill.  Prior to 1971, the Baker portion of the Vine Hill Complex property was reclaimed marshland used by the U.S. Army Corps of

Engineers as a dredge disposal area.  IT Corporation owned and operated a hazardous waste facility on the Vine Hill Complex property, to which each Defendant identified above sent hazardous waste during the time of the operation of the Vine Hill Complex hazardous waste facility. IT acquired ownership of the Baker portion of the Vine Hill Complex property in approximately 1971.

73.   IT Corporation operated the Vine Hill portion of the Vine Hill Complex property as from approximately 1959 to 1989, and the Baker portion of the Vine Hill Complex property from approximately 1971 to 1989.  Both properties ceased accepting waste from off-site sources in 1987.  Wastes delivered to the Vine Hill Complex included, without limitation, municipal refuse (municipal rubbish, demolition debris and soil); petroleum industry byproducts; ferrous and nonferrous metals; electronic equipment and components; pharmaceuticals; resins; paints; pigments; byproducts of food processing facilities; and waste from metal finishing, photo finishing, and analytical laboratories. Impacts to environmental media (e.g., soil vapor, soil, surface water and groundwater) occurred during the management of the hazardous materials and/or wastes received at the Vine Hill Complex.

74.   As a result of the operations at the Vine Hill Complex beginning in at least 1940 and continuing until 1989, there have been releases and threatened releases of hazardous substances from the Vine Hill Complex, including, without limitation, soil and groundwater contamination. Hazardous substances detected in the groundwater at the Vine Hill Complex include, but are not limited to, arsenic, chromium, lead, nickel, organic lead, acetone, benzene, 1,1-dichloroethane, cis-1,2 dichloroethene, carbon disulfide, chlorobenzene, chloroform, 1,4-dioxane, 1,1-dichloropropene, 1,2-dichlorobenzene,, 1,4-dichlorobenzene, 2-butanone, 4-methyl-2-penanone, isopropanol, ethylbenzene, tetrahydrofuran, trichloroethene (TCE), toluene, vinyl chloride, and xylenes.

75.   On November 29, 2001, IT Corporation transferred ownership of the Vine Hill Complex property to an affiliated entity known as IT Vine Hill LLC, a California limited liability company.

76.    In 2002, IT Corporation filed for bankruptcy protection and, on May 1, 2004, the "IT Environmental Liquidating Trust" ("ITELT") was established to oversee the long-term post-closure operation, maintenance, and upkeep of the Vine Hill Complex as part of the conclusion of the bankruptcy proceedings.  Also on May 1, 2004, ITELT became the operator of the Vine Hill Complex.

**Closure and Postclosure at Vine Hill Complex**

77.    After the Vine Hill Complex ceased accepting waste from offsite sources, the IT Corporation undertook formal closure activities On June 23, 1999, DTSC accepted closure certification for the Vine Hill Complex.

78.    The Vine Hill Complex transitioned to post-closure status pursuant to a postclosure permit approved by DTSC on June 11, 2003. *See* Cal. Health & Safety Code §§ 25245-25248. The postclosure activities at the Vine Hill Complex included, without limitation, inspection and maintenance of landfill covers, surface impoundments, and conveyance systems; treatment of groundwater contaminated by the waste; oversight of groundwater monitoring for releases and/or threatened releases of contaminants; and response to potential and immediate threats, newly identified releases, and emergency contingencies, such as floods, fires, and earthquakes.

79.    The required postclosure activities are necessary at the Vine Hill Complex because the releases and threatened releases of hazardous substances from the Vine Hill Complex – hazardous substances that are present in, remain in, and which threaten to increase in, the soil and groundwater at the Vine Hill Complex – have resulted in serious impacts to the environment (e.g., air, soil, soil vapor, surface water, groundwater, and other media) and have resulted, or threaten to result, in exposure (e.g., inhalation, dermal absorption, and ingestion) to human and ecological receptors on and off the Vine Hill Complex.

80.    The ongoing postclosure activities are designed to protect groundwater from the Vine Hill Complex waste by actively pumping and extracting water within the "footprint" of the waste and collecting contaminated water at a well/trench system inside of a slurry wall. The pumped water is currently treated at a groundwater treatment plant. This active pumping is also designed to minimize the risk of groundwater being in direct contact with the waste. Despite ongoing

postclosure activities at the Vine Hill Complex, including, without limitation, measures designed to contain contaminated water inside of the slurry wall, hazardous substances have been detected outside of the slurry wall at the Vine Hill Complex, including, without limitation: acetone, 1,2-dichloroethane, benzene, tetrahydrofuran, and toluene.

81.     On December 12, 2012, IT Corporation submitted a permit renewal application. DTSC denied the application, due, at least in part, to IT Corporation's failure to satisfy financial assurance requirements.

82.     DTSC has taken actions in response to releases and threatened releases of hazardous substances from the Vine Hill Complex, including, without limitation, actions to monitor, assess, evaluate, and/or respond to the release and/or threat of release of hazardous substances from the Vine Hill Complex.

83.     DTSC has incurred not less than $ 482,172.22 in costs for response actions, including, without limitation, costs of oversight and enforcement.

84.     DTSC expects to incur further response costs in the future, including, without limitation, the costs of (i) enforcing the permits and other orders applicable to the Vine Hill Complex and (ii) overseeing the postclosure activities required at the Vine Hill Complex.

**DTSC Imminent and Substantial Endangerment Determination and Remedial Action Order**

85.     A requirement of the postclosure permit applicable to the Vine Hill Complex is that the owner and/or operator of the hazardous waste facility -- ITELT -- must obtain and maintain sufficient financial assurances to complete the necessary postclosure activities. *See* Cal. Health & Saf. Code § 25245, subd. (a)(2); Cal. Code Regs., tit. 22, § 66264.145, subd. (e)(3).

86.     On February 29, 2016, DTSC determined that ITELT was in violation of the postclosure requirements, in that the amount determined necessary for the purpose of demonstrating adequate financial assurances for completion of the postclosure activities was underfunded by an amount in excess of $2,071,254.33.

1   87.   On April 5, 2016, ITELT sent DTSC a letter, informing DTSC, in writing, that it had

2   "no additional financial assets, or mechanisms in place, to meet the financial assurance

3   obligations" required by California law.

4   88.   In correspondence dated July 28, 2016, DTSC notified ITELT that the re-calculated

5   shortfall in financial assurances for postclosure actions at the Vine Hill Complex was

6   $10,214,232, based upon the 30-year financial assurance period, which amount is periodically

7   reassessed and financial assurances renewed for another 30-year period to provide long-term

8   financial assurance for postclosure activities at the Vine Hill Complex.  That July 28, 2016 letter

9   communicated DTSC's determination, based, at least in part, on ITELT's April 5, 2016 letter –

10  that ITELT would not be able to meet the financial assurance obligations for continued

11  maintenance of the closed units, including, without limitation, the amount necessary for renewal

12  of  ITELT's permit to conduct the required postclosure activities.

13  89.   On November 29, 2016, DTSC issued an Imminent and Substantial Endangerment

14  Determination and Order and Remedial Action Order (ISE Order, Docket Number:  HSA-

15  FY16/17-051) under the authority of Health and Safety Code sections 25358.3(a),

16  25355.5(a)(1)(B), 58009 and 58010. DTSC amended that order on February 17, 2017, May 26,

17  2017, and December 6, 2017, ( "Amended ISE Order".) The Amended ISE Order named ITELT

18  and several generators [*i.e.*, "arrangers"], including, without limitation, the Defendants, or

19  affiliates of Defendants, as respondents required to perform the work described in the Amended

20  ISE Order. DTSC determined, in the Amended ISE Order, that the Vine Hill Complex may pose

21  an imminent and substantial endangerment if the threatened releases of hazardous substances at

22  the Vine Hill Complex are not properly managed when existing funds are depleted without the

23  implementation of a permanent remedy.

24  90.   Specifically, the Amended ISE Order determined that ITELT's lack of adequate

25  financial assurance may pose an imminent and substantial endangerment based on the following

26  reasons. If postclosure activities were to stop, the groundwater levels within the Vine Hill

27  Complex would rise and the groundwater would come into contact with the hazardous and solid

28  waste in the landfill, exacerbating the contamination of groundwater. In addition, there would no

longer be a gradient into the waste area, so the more highly contaminated groundwater would flow away from the landfill unit and towards Pacheco Creek, the reverse of how the containment system is intended to operate. Without postclosure monitoring and corrective action systems, the commingled contamination at the Vine Hill Complex poses a serious threat to human health and the public, including, without limitation, the health of residents in the area, and to the surrounding environment, including, without limitation,  Pacheco Creek, which runs through the Vine Hill Complex eventually leading to Suisun Bay, as well as additional threats to groundwater through failure of the groundwater capture and containment systems.

91.    The current lack of sufficient financial assurances and sufficient financial resources, and the current inadequacy of available funding, at the Vine Hill Complex will cause discontinuation of postclosure operations necessary to prevent substantial endangerment to human health, the public, and the environment. The current lack of sufficient funds, financial assurances, and financial resources will prevent necessary postclosure management, including, without limitation, actions ensuring the protectiveness of the landfill covers, collection and treatment of groundwater and leachate, and monitoring of the surrounding environment for impacts from hazardous and solid waste left in place at the Vine Hill Complex.

92.    The endangerment to the public health and welfare, and to the environment because of the actual and/or threatened release of one or more hazardous substances that Defendants, and each of them, arranged to dispose of, or arranged with a transporter for transport for disposal or treatment, at the Vine Hill Complex, as alleged in this First Amended Complaint, are imminent and substantial, due to the current inadequacy of funds, financial resources, and financial assurances for postclosure activities at the Vine Hill Complex.

93.    The Amended ISE Order concluded that termination of postclosure activities, including, without limitation, termination of inspection, maintenance, treatment, and monitoring activities at the Vine Hill Complex, poses an imminent and substantial endangerment to human health, the public, and the environment through, among other things:

1)  Contaminated groundwater will not be actively collected and treated, leading to increased groundwater contamination and migration of contaminated groundwater

away from the waste areas, which would then result in the surrounding environment and receptors being exposed to toxic and otherwise hazardous waste that otherwise would have been contained.

2)  The absence of long-term hazardous and solid waste containment system inspection and maintenance will lead to failures due to weathering, system breakdowns, corrosion of conveyance systems, and/or erosion, which would then result in exposure of toxic and otherwise hazardous waste from the landfill to the surrounding environment and receptors.

3)  Groundwater contamination will no longer be monitored and poses a threat that continued commingling of uncontained landfill waste with surrounding groundwater would migrate outside of the containment system undetected.

4)  Uninspected and unmaintained ground surface features with run-off that surround evaporation basins and containment systems pose a threat of commingling surface water with exposed solid or hazardous waste, increasing surface water contamination.

5)  Evaporation basins used to evaporate contaminated groundwater pose a threat of overflowing without adequate monitoring during significant rainfall events. Additionally, long-term weathering and excessive exposure to ultra-violet light threatens leaks of basin liners without continued inspection and maintenance, allowing uncontrolled releases of the contaminated groundwater to surrounding soil, surface water, and groundwater, threatening human health, the public, and the environment; and

6)  The absence of ongoing monitoring at the Vine Hill Complex threatens uncontrolled releases of hazardous substances and waste contaminants to air, soil, surface water, and groundwater due to uncontrolled emergency events, such as fires, floods, and earthquakes; these conditions will be unknown, posing even greater threats to human health, the public, and the environment due to lack of ongoing monitoring and care at the Vine Hill Complex. The risk of these events occurring is also increased due to lack of monitoring and controls to reduce risks of fires and

33

1    flooding, in the absence of postclosure funding and monitoring. Damage caused by

2    such events will go unaddressed due to lack of funding to address such conditions,

3    additional uncontrolled releases of hazardous and solid waste to the environment as

4    infrastructure at the Vine Hill Complex deteriorates.

5    94.   On June 1, 2021, the IT Sites Cooperating Generators Joint Defense Group, an

6  unincorporated association, whose members include some or all of the Defendants in this action

7  filed a Verified Petition for Peremptory Writ and Writ of Mandate, and Complaint for Declaratory

8  Relief and Injunction against the California Environmental Protection Agency and the

9  Department of Toxic Substances Control ("Petition") (Solano County Superior Court Case No.

10  FCS056611). The Petition seeks a peremptory writ and injunction against Plaintiffs setting aside

11  and vacating the Amended ISE Order.

12                       **FIRST CLAIM FOR RELIEF**

13    **(Cost Recovery Claim Against All Defendants Pursuant to Section 107(a) of CERCLA)**

14    95.   Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1

15  through 94 above, as though fully set forth herein.

16    96.   Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides in relevant part that

17  any person who arranged for disposal or treatment, or arranged with a transporter for transport for

18  disposal or treatment, of hazardous substances at a facility from which there has been a release or

19  a threatened release of a hazardous substance which causes the incurrence of response costs, shall

20  be liable for all costs of removal or remedial action incurred by a State not inconsistent with the

21  National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency

22  Plan"), 40 C.F.R. Part 300.

23    97.   The Vine Hill Complex, and the horizontal and vertical extent of the hazardous

24  substance contamination caused by releases of hazardous substances from the Vine Hill Complex,

25  including, without limitation, any area where any hazardous substance from the Vine Hill

26  Complex has come to be located, is a "facility" within the meaning of sections 101(9)(A) and

27  101(9)(B) of CERCLA, 42 U.S.C. §§ 9601(9)(A), 9601(9)(B).

28

98.   Each Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

99.   Each Defendant arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at the Vine Hill Complex. Hazardous substances have been released into the environment and there is a continuing threat of additional hazardous substance releases from the Vine Hill Complex. These releases and threatened releases have resulted, and will continue to result, in Plaintiffs' incurrence of response costs. Each Defendant is liable to Plaintiffs for response costs Plaintiffs incurred as a result of releases and threatened releases at the Vine Hill Complex, pursuant to section 107(a)(3) of CERCLA, 42, U.S.C. § 9607(a)(3).

100.   The hazardous and solid wastes treated and/or disposed of at the Vine Hill Complex contains , without limitation, arsenic, chromium, lead, nickel, organic lead, zinc, acetone, benzene, 1,1-dichloroethane, cis-1,2 dichloroethene, carbon disulfide, chlorobenzene, chloroform, 1,4 dioxane, 1,1-dichloropropene, 1,2-dichlorobenzene, 1,4-dichlorobenzene, 2-butanone, 4-methyl-2-pentanone, isopropanol, ethylbenzene, tetrahydrofuran, trichloroethene (TCE), toluene, vinyl chloride, and xylenes. These wastes, which are present at the Vine Hill Complex, contained "hazardous substances," which are defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14). There has been a "release" and/or threatened release of hazardous substances, including, without limitation,  those set forth  in this paragraph, from the Vine Hill Complex into the "environment," within the meaning of sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22).

101.   DTSC, in its capacity as an agency of the State of California, is considered a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

102.   Plaintiffs have incurred response costs not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, resulting from the releases or threatened releases of hazardous substances at and from the Vine Hill Complex, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25). These response costs include, without limitation,  costs to

35

monitor, assess, evaluate and/or respond to the release and/or threatened release of hazardous substances at the Vine Hill Complex, as defined in Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) and (25).  Plaintiffs are continuing to incur such costs, and Plaintiffs will continue to incur such costs in the future.

103.  Each Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Plaintiffs' response costs resulting from the release or threat of release of hazardous substances from the Vine Hill Complex.

104.  Pursuant to section 107(a) of CERCLA, Defendants are also liable for interest accrued on Plaintiffs' response costs.

**SECOND CLAIM FOR RELIEF**

**(Claim for Declaratory Relief Against All Defendants Pursuant to section 113(g)(2) of CERCLA)**

105.  Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs 1 through 104 above, as though fully set forth herein.

106.  Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for any response costs Plaintiffs have incurred and for any further response costs Plaintiffs incur in the future resulting from the releases and/or threatened releases from the Vine Hill Complex.

**THIRD CLAIM FOR RELIEF**

**(Claim for Injunctive Relief Against the RCRA Defendants Pursuant to Section 7002(a)(1)(B) of RCRA)**

107.  Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs 1 through 106, as though fully set forth herein.

108.  A "State" qualifies as a "person" under RCRA, 42 U.S.C. § 6903(15).

109.  Under section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), any "person" may bring a lawsuit (*i.e.*, a "citizen suit") against a defendant when (1) "solid or hazardous waste"; (2) "may present an imminent and substantial endangerment to health or the environment"; and (3)

1    the defendant's actions are within the scope prescribed by RCRA for liability. 42 U.S.C. §

2    6972(a)(1)(B).

3         110.   A defendant may be liable for the imminent and substantial endangerment created by

4    a solid or hazardous waste when their related conduct "has contributed to or is continuing to

5    contribute to the past or present handling, storage, treatment, transportation, or disposal of [the]

6    solid or hazardous waste." 42 U.S.C. § 6972(a)(1)(B).

7         111.   Under RCRA section 1004(27), 42 U.S.C. § 6903(27), "solid waste" is defined as

8    "any garbage, refuse, . . . and other discarded material, including solid, liquid, semisolid, or

9    contained gaseous material resulting from industrial, commercial, mining, and agricultural

10   operations, and from community activities," with exceptions not relevant here.

11        112.   When a material qualifies as a solid waste under 42 U.S.C. § 6903(27), any imminent

12   and substantial endangerment created by that waste is actionable through a RCRA citizen suit.

13        113.   The RCRA Defendants are "persons" subject to the citizen suit provision of RCRA,

14   42 U.S.C. § 6972, 42 U.S.C. § 6903(15).

15        114.   The RCRA Defendants have contributed to the past and present handling, storage,

16   treatment, transportation, or disposal of solid and/or hazardous waste at the Vine Hill Complex–

17   including, without limitation, by arranging for the disposal of solid and/or hazardous wastes

18   during its operation of the Vine Hill Complex as a landfill.

19        115.   The material sent by the RCRA Defendants to the Vine Hill Complex is "solid waste"

20   because it is a "discarded material . . . resulting from [the RCRA Defendants'] industrial,

21   commercial, mining, and/or agricultural operations." 42 U.S.C. § 6903(27).

22        116.   The "solid waste" sent by the RCRA Defendants to the Vine Hill Complex is toxic

23   and hazardous, presenting an imminent and substantial endangerment to public health and the

24   environment due to those properties.

25        117.   Due to ITELT's insolvency, sufficient funding is not currently available to comply

26   with applicable postclosure requirements for the Vine Hill Complex or to prevent the RCRA

27   Defendants' wastes discarded at the Vine Hill Complex from continuing to spread outside of the

28

1  waste management areas and continuing to be released into the environment, presenting an

2  imminent and substantial endangerment to public health and the environment.

3      118.  The RCRA Defendants have thus caused or contributed to a condition that presents or

4  may present an imminent and substantial endangerment to health or the environment through their

5  handling and disposal of "solid waste" at the Vine Hill Complex, making them liable for the

6  abatement of the imminent and substantial endangerment.

7      119.  Plaintiffs are consequently entitled to relief under RCRA § 7002(a), 42 U.S.C. §

8  6972(a), requiring the RCRA Defendants to take such action as may be necessary to abate the

9  imminent and substantial endangerment to public health and the environment created by their

10  handling and disposal of "solid waste" at the Vine Hill Complex.

11                          **REQUEST FOR RELIEF**

12      WHEREFORE, Plaintiffs pray for judgment against all Defendants as follows:

13      1.   For a judgment that each of the Defendants is jointly and severally liable to Plaintiffs,

14  without regard to fault, for all costs of response, removal and remedial actions, including, without

15  limitation, oversight costs, incurred by Plaintiffs and resulting from release(s) and/or threatened

16  release(s) of hazardous substances at, beneath, above, and/or from the Vine Hill Complex;

17      2.   For a declaration that each of the Defendants is jointly and severally liable to

18  Plaintiffs, without regard to fault, for all future costs, including, without limitation, oversight

19  costs, incurred by Plaintiffs as a result of any release(s) and/or threatened release(s) of hazardous

20  substances at, beneath, above, and/or from the Vine Hill Complex;

21

22  ///

23  ///

24  ///

25

26

27

28

3.    For an injunction requiring the RCRA Defendants, and each of the RCRA

Defendants, to take such action as may be necessary to abate the imminent and substantial

endangerment to public health and the environment created by their handling and disposal of

"solid waste" at the Vine Hill Complex.

4.    For Plaintiffs' costs of suit;

5.    For Plaintiffs' attorneys' fees;

6.    For prejudgment interest; and

7.    For such other and further relief as the court deems just and proper.


Respectfully submitted,

Dated:  August 30, 2023

ROB BONTA
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

*/s/ Kate M. Hammond*

KATE M. HAMMOND
Deputy Attorney General
DONALD ROBINSON
Deputy Attorney General
*Attorneys for Plaintiffs Department of Toxic*
*Substances Control and the Toxic Substances*
*Control Account*